Good morning, Your Honors. Callie Glanton-Steele on behalf of Defendant Appellant Antonio Ulysses Barrera-Mackorty. And I would like to reserve two minutes for rebuttal, please. May it please the Court, I would like to begin by addressing my void for vagueness argument. As I indicated in our papers, the statute 1425A is void for vagueness. It states that it's unlawful to procure citizenship or naturalization contrary to law. And it would have to be done knowingly, whoever knowingly procures or attempts to procure contrary to law the naturalization would be, if it's proven, would be found guilty. But the issue here is knowingly. Question number 15 is extremely vague. As we indicated, if you look closely at question number 15, it states, have you ever committed a crime or offense for which you were not arrested? But if you think of the laws of statutory construction, you have to look at everything in this good moral character question. And all of the other questions deal with police contact. Number 16, question number 16, and this is 6ER1029, which is Exhibit 1, 8 of 11. Question number 16 is, have you ever been arrested, cited, or detained by any law enforcement officer? So that involves law enforcement. Number 17, have you ever been charged with committing any crime or offense? That involves law enforcement. Number 18, have you ever been convicted of a crime or offense? That also involves law enforcement. Have you ever been placed in an alternative sentencing or rehabilitative program? Once again, that involves law enforcement. 20, have you ever received a suspended sentence or been placed on probation or been paroled? Law enforcement, again, would have been involved. Have you ever been in jail or prison? Question number 21, law enforcement was involved. So when you look at the laws of statutory construction, you have to look at all of these together. And question number 15 is extremely vague because it says, have you ever committed a crime or offense for which you were not arrested? When you look at that in conjunction with the instructions at the beginning, for the purposes of this application, you must answer yes to the following questions, if applicable, even if your records were sealed or otherwise cleared, or if anyone, including a judge, law enforcement officer, or attorney, told you that you no longer have a record. So once again, it's implying that somehow law enforcement was involved. So to say, with respect to question number 15, that he was, Mr. Barrera-McCordy, was supposed to understand that that involved anything that occurred even without law enforcement, that it's just not appropriate based on the language. When you look at it all together, and the canons of statutory construction that I'm referring to, N-O-S-C-I-T-U-R, the new word A, and then S-O-C-I-I-S, it means a doctrine, meaning of an unclear or vague or ambiguous word, should be determined by considering the words which are associated within the context. So what that says, then, is when you're looking at question number 15, it must mean that there was some sort of police contact, but there was no arrest. And the reason why this makes sense is because if you don't read it that way, then anything that a person did, they would go in to answer question number 15, and there would be a laundry list of essentially confessions. Have you ever committed a crime or offense for which you were not arrested? That means ever. Going back to childhood, did someone take candy from a sibling? Everyone would have to answer yes for something. Have you ever been speeding? We have on the road where it says slow down, because they can determine that you're going faster than the speed limit. Everyone would have to answer yes. It can't just be any action, any crime or offense for which you're not arrested. It has to, based on statutory construction, have to deal with something that had police contact. And actually, in a very recent Supreme Court case, Fisher, that just came out in the last few weeks, the Supreme Court talks about statutory construction and specifically states that when you're trying to look at a clause, two general principles are relevant. First, the canon of, what I just mentioned, nasciture associ teaches that a word is given more precise context by the neighboring words with which it is associated. And the Supreme Court cites, to United States v. Williams, 553 U.S. 285. That's a 2008 case. The Fisher case is a June 28, 2024 case. And it says that avoids ascribing to one word a meaning so broad that it is inconsistent with the company it keeps. Just as I indicated, when you look at all of the questions in the moral character section, each one of them refers to police contact. And even the description says, even if you had police contact, but somehow it was expunged or someone told you you didn't have to report it, you still need to report it. So, Your Honors, based on these canons of statutory construction, question number 15, is void for vagueness? So, help me, excuse me, help me understand the connection between the questionnaire and a void for vagueness analysis, which goes to a statute. So 1425, if we're considering 1425 for void for vagueness, it seems like the government argues and it makes sense, a reasonable person would understand that he couldn't procure naturalization by unlawful means. And then we have a questionnaire. We're not looking at the questionnaire as if it were a statute. We're looking at the questionnaire as to what your client might have known when he was filling out the questionnaire. And the government argues that a reasonable person would know that the crime of sexual molestation is a crime or offense, and he would have known that he was not arrested. So help me understand how you apply your void for vagueness analysis, which goes to a statute, to this questionnaire. Well, Your Honor, we have to look at a person of reasonable intelligence. We're not looking at my client in this situation. Right, but we're looking at 1425. We're looking at the statute and whether the statute is void for vagueness. Yes, Your Honor. The issue here is the knowingly word in 1425A. In 1424A, it says whoever knowingly procures. So now you're going into what does the person of ordinary intelligence, what does he knowingly procure contrary to law? Then you have to go to the questionnaire because that's what ties this to the statute. So if you have a question that's vague, have you ever committed a crime or offense for which you were not arrested? If that's vague and a person of ordinary intelligence wouldn't know how to answer it, then that makes the statute as applied vague. So the form was signed under penalty of perjury. So a person filling out the form would know that he had answered truthfully. Yes, Your Honor. So how is that void? So if the person doesn't think it's a crime or offense, I guess he wouldn't be knowingly relying on the questionnaire. Right. Or if this question is vague, if you look at it, look at question number 16. That's not vague. It's unequivocal. Have you ever been arrested? Everyone knows yes or no. So if the question is vague and the person filling out the form interprets it in some way and answers it honestly according to that interpretation, then it wouldn't be perjury, right? Right. If they answer it honestly. If they answer it truthfully as interpreted. As interpreted, correct. And so then 1425 wouldn't be implicated because the naturalization wasn't procured through perjury. Well, the government's position is that if someone answers a no on that question and then they later determine that there was something, even whether they understood it or not, that they had committed a crime, then that makes them essentially guilty. But the issue is knowingly. What do you know when you're looking at question number 15? If we would all have to answer yes, we would all have to say, let me give you a laundry list of the things that I think I did that might have been a crime. I think I was speeding before. I think that I jaywalked. I think there's all of these things. So if you interpreted that broadly, then you would answer yes and there wouldn't be any perjury issue. If you interpreted it more narrowly, then you probably wouldn't answer yes if all you had ever done was take candy from your sister, right? So I guess I'm not understanding why it's a problem since it's a question of answering truthfully as you interpret that language. But here, I mean, in this case, there's no question that a reasonable person would know that sexual molestation of a child was a crime or offense. So it doesn't seem, in this case, a misinterpretation of that language is an issue. Am I missing something? Well, Your Honor, as I went through it at the beginning, all of the other questions talk about police conduct, arrested, charged. And this one specifically does not. It says you were not arrested. Right. But it still implies some sort of police conduct. So a person might think, let's say that it was Mr. Barrera-McCordy. And let's say the police had come and investigated at his home and made a determination that there was no molestation. That's something that he should have reported if there had been some sort of police investigation, police action, just like all of the other items. I think that then his answer should have been yes. Because otherwise, in order for this even to work with the statute and the questionnaire, you'd have to, you don't want people to give a laundry list of things that they did. You want them to report things that are just like similar in this subset of the question where there was some sort of police action and then there was a no arrest. So I think that with statutory construction, you have to look at the other questions. Well, if you look at the other questions, like 17 and 18, as the district court explained, it's clear that he knew how to answer those questions. He provided the information so that further investigation can be done. So I think what you're left with then is just the word knowingly. But as the district court explained, this is just so that the officer can investigate further. So if you err on the side of, if you don't understand the question and you answer yes, and then you explain, well, I was jaywalking last week and I'm going to disclose that, then the officer says, well, that doesn't really go to good moral character. Thank you for disclosing that. It's not going to affect your application, right? I think, isn't that the purpose of question 15, is to capture what 16, 17, 18 don't cover? That appears to be the purpose. However, if you look at 16 and 17, which he did answer honestly, it's not, they're not big questions. Have you been arrested? Yes. If this was somebody that was trying to hide what he was doing so that he could get his naturalization, he would have said, no, I haven't been arrested. Have you been charged? No, I haven't been charged. He wasn't trying to hide. He said, yes, I've been arrested. Yes, I've been charged. Those are unequivocal questions. They are not vague. The problem is question 15 is vague. So, and in the context of everything else, it sounds like there has to have been some sort of police involvement in order for, were you, did you commit a crime for which you were not arrested? It sounds like there was some investigation. They determined not to arrest you, and that's what you should report. So, I think that when you look at 16 and 17, they're unequivocal. We can all say, have we been arrested before? Have we been charged before? Yes or no. But to say, have you ever committed a crime or offense for which you were not arrested? Some, I think the way it needs to be, because it's so vague, it needs, you need to look at the other questions, and then it would have to have some police contact. And that's why it's void for vagueness, taken, the statute taken in conjunction with the questionnaire. You want to save the rest of your time for rebuttal? Oh, thank you, yes. Good morning, your honors. May it please the court. Andrew Roach, on behalf of the United States. I'd like to talk about the void for vagueness doctrine, and I'd like to reframe the inquiry for this court. The void for vagueness doctrine applies to statutes. So, I'd like to talk to you about the statute first, and then later on I'll get to the question, which I really think ultimately goes to whether there's sufficient evidence to support the question. So, first, with respect to the statute, 1425A. That prohibits whoever knowingly procures or attempts to procure naturalization contrary to the law. Now, this is not some esoteric concept or anything. It basically says, if you do something to get naturalization that is contrary to the law. And that's a very high burden to show that a statute is void for vague, void for vagueness. And in this case, it's an as-applied challenge. So, all the statute has to do is put a person of reasonable intelligence on notice. And in this case, a naturalization is procured by filling out a statement under oath and answering questions to determine you're eligible. And a reasonable person of reasonable intelligence would know that lying on that form would potentially suggest that they're getting naturalization contrary to law because they're not entitled to it. And so, I don't think there's really any argument to say that this statute is void for vagueness. And I think the other thing I will point this court to is Maslanyak, the Supreme Court case in 2017 that addressed this very statute. And I will note that the Supreme Court did not actually hear a void for vagueness challenge. It wasn't raised by the parties. But it basically went through the statute in great detail. And when actually there was another, they were, in Maslanyak, it was actually another question on the same form. Have you ever lied to receive immigration benefits? And the Supreme Court went through both looking at the statute and looking at the questions. And didn't find it vague. Now, it wasn't raised by the parties. But one would realize that the Supreme Court wouldn't go through such a level of analysis if it really was vague. And it never should have been charged. So, I think that's strong support for what is already a high burden to show that this statute is not vague. And then, just with respect to the as-applied challenge, I think as Judge Ikuda mentioned, I think a person, any person of reasonable intelligence would know that lying and failing to disclose sexual abuse of a minor would put them on notice that that is something that they're supposed to disclose and maybe might disqualify them for naturalization. So, I strongly believe the statute is not vague. And I don't think that the defense has met that very high burden to hold that a criminal statute is void for vagueness. In terms of the as-applied, we just need to worry about whether the statute is vague as applied to this particular defendant, right? Do we need to go any further than that? Correct, Your Honor. And figure out whether it's vague as to somebody else? Correct. For this court on this day, it's only as applied to this defendant. So, again, looking at the facts, a reasonable person of ordinary intelligence would know, or at least put on notice, really, that lying about their sexual abuse of a minor, a malum in se crime, would potentially mean that they are, in lying about it, on a form that they are swearing under the penalty of perjury, that's asking about all sorts of other questions in the past, they would be on notice that perhaps they are not qualified for naturalization. They are getting it contrary to naturalization. Now, I'd like to pivot to the next real issue is to Question 15. So, Question 15, I think, is really not under the void for vagueness doctrine of statutes. Question 15 is really a sufficiency of the evidence question. And is it so vague that the government just didn't meet its burden to show that the defendant knew he was knowingly making a false statement? Because the question is so vague, no one understands it. And that was really a factual question for the jury in this case. And the government presented ample evidence to show that the defendant understood the question. And when he answered it, he was knowingly making a false statement. And there was ample evidence to support the defendant understood it, because if you look at the questions that were asked, 15 is the question, have you ever committed a crime or offense for which you were not arrested? He said no. But on Question 16 and 17, when it was asked, have you ever been arrested or cited? He said yes. Question 17, have you ever been charged with committing any crime or offense? He said yes. So he understood very, very similar questions. Now, defense tries to suggest that these questions, they must mean that only contact with law enforcement, only contact with law enforcement qualifies and that it requires an affirmative answer. But that's not what the question says. And I think a reasonable person would realize that it's actually very broad. And the purpose of that question, I know defense counsel said, you know, we'd all have to answer that. The purpose of that question, just aside from this case, is really it's supposed to be a catch-all. It's supposed to have the person to say everything. And then it allows the immigration officer to ferret out what's important versus what's not important. And if you just lie wholesale and say, I'm clean as a whistle, I haven't done anything, the immigration officer can't investigate. The immigration officer can't determine if you have the sufficient good moral character. And that's what we have here. And so I think, you know, defense really, defense counsel tried to make the argument that it was void, that it was too vague and that he didn't understand and that the defendant had cognitive issues. English was his second language. He had limited formal education. All of those things were presented to the jury. The government presented competing evidence to show that he actually did have a basic understanding of English. He actually was able to hold down certain jobs that required a certain level of technical expertise, that no fewer than two different people actually went through the question with him, including at least one person from the law firm office. Millie Duarte testified that one of her assistants would have gone through the questions with him and made sure he understood it. And then, in addition, the immigration officer, Robert Exum, said he would have gone through and asked him that question, and he did ask him that question, as evidenced by his red check, and he would have asked him that question in English. And if there was any thought that the defendant didn't understand the question, he would have failed it. He would have not passed. So I think there was ample evidence in the record to really show that defendant did understand that question. It wasn't vague that defendant knew it, and there's sufficient evidence to support it. And if the panel has any other questions about that or anything else, I'm prepared to submit. Thank you, Your Honor. Thank you for your argument. Thank you. Your Honors, I'd ask the Court to look at the case cited by the government, Malz-Ninjak. That's 582 U.S. 335, 2017. In that case, the Supreme Court did look specifically at this question and talked about the government's argument that anything that you were ever, any offense that you ever committed that you were not arrested for could go to a point where it didn't even make sense. At page 346, it says, suppose for reasons of embarrassment, a person failed to disclose, okay, suppose a person failed to disclose a prior speeding violation. Under the government's view, a prosecutor could scour her paperwork and bring a 1425A charge on that meager basis, even many years after she became a citizen. That would give prosecutors nearly limitless leverage and afford newly naturalized Americans precious little security. So they're basically saying that their argument that, you know, a person has to, that this is not vague, and that a person looking at that would then have to tell the immigration officer everything that they did so that the immigration officer could go over it and make the determination doesn't make any sense, and the Supreme Court has addressed that. But that's in interpreting 1425 that the lie has to be material, which was here it was clearly material that it went to his moral character. Exactly, and that's what they were addressing in this case, is whether or not there was a causal connection between the offense and the procurement. But I just wanted to say that the government's position, the Supreme Court said that it's absurd to think that a person should say, yes, I was speeding, yes, I jaywalked or something. And if I could just address the sufficiency of the evidence matter, the question is vague. And when you looked at all of the facts that were presented to the jury, you have Mr. Barrera-McCordy. He never graduated, he never passed third grade in Guatemala. English was his second language. Spanish was his first language. His wife, his ex-wife, Ms. Luz Perry, testified that he had problems understanding even in Spanish. We had two doctors that indicated that he had cognitive difficulties. You're over time. We're familiar with the records, so please wrap it up. Okay, thank you. Thank you, Your Honor. Thank you. All right, the case of United States v. Antonio Barrera-McCordy is submitted. The next case is Nakia Woodson v. James Listma and Advanced Inheritance, LLC. That's submitted on the briefs. And we're adjourned for this session and for the week. All rise. This court for this session stands adjourned.
judges: IKUTA, NGUYEN, Anello